```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND
```

                                    :
ELIZABETH BRADLEY
                                    :

    v.                              :   Civil Action No. DKC 19-2662

                                    :

VETERINARY ORTHOPEDIC SPORTS
MEDICINE GROUP, et al.              :

**MEMORANDUM OPINION**

This action for veterinary negligence has a messy procedural history that is, unfortunately, pertinent to resolving the pending jurisdictional dispute. Despite invoking New Jersey law to learn the precise extent of damages being claimed by Plaintiff, then removing the action from state to federal court on the basis of diversity jurisdiction, Defendants now claim that Plaintiff cannot, under Maryland law, recover the amount necessary to support that jurisdiction.

According to the notice of removal, Plaintiff initially filed a complaint in the Superior Court of New Jersey, Essex County, on December 11, 2017. The complaint did not allege that the amount in controversy exceeded $75,000. Defendants demanded a statement of damages as part of their answer, but did not receive a response. On April 13, 2018, the action was transferred to Morris County, New Jersey. Defendants propounded discovery, which went unanswered, and they then filed a motion to dismiss. After oral

argument, Plaintiff was ordered to respond to discovery, and, on April 1, 2019, finally responded, and claimed damages in excess of $75,000. On April 4, 2019, Defendants removed the action to the United States District Court for the District of New Jersey, on the basis of diversity jurisdiction. After Defendants moved to dismiss for lack of personal jurisdiction, the parties consented to the transfer of the action to this court. Defendants then filed the pending motion to dismiss for lack of jurisdiction and to cap damages. (ECF No. 20). For the following reasons, the motion will be denied.

Defendants argue that, under applicable Maryland law, the damages recoverable in litigation for the tortious injury of a pet are limited and fall below the threshold for federal jurisdiction. They seek dismissal. The fallacy in Defendants' position is that they sought and obtained federal jurisdiction. Plaintiff filed in state court, albeit in New Jersey. For Defendants to seek dismissal, and not remand, under the circumstances, now that limitations likely has run, is not fair. The case cannot be "remanded" to a state court in Maryland because the case did not arise there. In any event, regardless of whether Defendants are correct under Maryland law, this court has federal jurisdiction.

In the removal context, jurisdiction is determined and assessed at the time of removal, and it was Defendants' burden to prove a sufficient amount in controversy. *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004) ("The burden of demonstrating jurisdiction resides with the party seeking removal.") (internal citation and quotation marks omitted); *see also* Removal Jurisdiction, Rutter Grp. Practice Guide Fed. Civ. Proc. Before Trial (Nat. Ed.) Ch. 2-D ("The defendant seeking removal of an action to federal court has the burden of establishing grounds for federal jurisdiction in the case[.]"). At the time of removal, the case was pending in a New Jersey state court and, as recited by Defendants in their notice of removal, Plaintiff sought more than $75,000 in damages. It does not matter whether Plaintiff actually recovers that amount, assuming liability. In order for Defendants to be correct that the amount in controversy is insufficient, they must be contending that it was insufficient at the time of removal. Yet they, to the contrary, asserted that more than the required amount was in controversy. That remains true.

Accordingly, Defendants' motion to dismiss will be denied. Plaintiff's motion for an extension of time to respond to Defendants' motion to dismiss, (ECF No. 24), will be denied as

moot.  Defendants have already answered the amended complaint, Plaintiff now has counsel, and a scheduling order will be entered.

```
                          /s/
         DEBORAH K. CHASANOW
         United States District Judge
```