```
            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF MARYLAND
                              :
ELIZABETH BRADLEY
                              :
   v.                         :    Civil Action No. DKC 19-2662
                              :
VETERINARY ORTHOPEDIC SPORTS
MEDICINE GROUP, et al.        :
```

**MEMORANDUM OPINION and ORDER**

A motion for reconsideration is pending and ostensibly ready for resolution.  A case before the Court of Appeals of Maryland may, however, elucidate the applicability of a Maryland statute to this case.  Accordingly, the motion for reconsideration concerning diversity jurisdiction will be denied, but a determination on whether there is a cap on damages recoverable under Maryland law will be deferred.

Defendants removed this action from state court in New Jersey, expressly stating that the amount in controversy exceeded $75,000.  Now, after removal and transfer from the District of New Jersey to Maryland, Defendants take a diametrically opposed position, contending that the amount recoverable in compensatory damages is limited to $7,500, and that diversity jurisdiction is therefore lacking.  They continue to be incorrect in their assessment of the applicable procedural posture of this case.

When a defendant removes an action from state court, the defendant bears the burden of proving the existence of subject matter jurisdiction, including in this case the amount in controversy for diversity jurisdiction. That burden does not shift to the Plaintiff. If the federal court obtained subject matter jurisdiction upon proper removal, it retains jurisdiction regardless of post-removal determinations. Nothing in Defendants' motion for reconsideration changes that result.

The court did not rule that the Maryland damages cap in Md.Code Ann. Cts. & Jud.Proc. § 11-110 does not apply. Rather, all that was resolved was that the amount in controversy at the time of removal controls the question of jurisdiction.

This case was transferred pursuant to 28 U.S.C. § 1404. The choice of law rules do not change, and this court must determine what law would be applied by a New Jersey state court:

> Section 1404(a) of Title 28 states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a) (1982 ed.). In *Van Dusen v. Barrack*, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964), we held that, following a transfer under § 1404(a) initiated by a defendant, the transferee court must follow the choice-of-law rules that prevailed in the transferor court. We now decide that, when a plaintiff moves for the transfer, the same rule applies.

*Ferens v. John Deere Co.*, 494 U.S. 516, 518-19 (1990). Plaintiff argues that New Jersey law applies, while Defendants assert that Maryland law applies. Neither addresses the key question of what

2

law a New Jersey court would apply to the dispute. Moreover, the Court of Appeals of Maryland heard oral argument in *Anne Arundel County, Maryland and Rodney Price v. Michael H. Reeves*, No. 68 (2019 T.), on Friday, September 11, 2020. One of the issues is described as follows: "As a matter of first impression does Md. Code § 11-110 of the Courts & Judicial Proceedings Article limit the amount of damages recoverable for negligently causing the death of a pet?" The decision in that case may serve to clarify the meaning and reach of the statute.

For the foregoing reasons, it is this 15th day of September, 2020, by the United States District Court for the District of Maryland, ORDERED that the motion for reconsideration is DENIED. The choice of law question, and, if Maryland law applies, the limits of recoverable damages, will be resolved later, after the decision in *Anne Arundel County v. Reeves* and only once properly briefed by the parties.

                                              /s/
                                  DEBORAH K. CHASANOW
                                  United States District Judge